## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GAYNELL COLBURN, individually and on behalf of all others similarly situated,<br>1700 N. Gay Street, 2R-216<br>Baltimore, Maryland 21213<br><br>*Plaintiff,*<br><br>v.<br><br>POTOMAC FAMILY DINING GROUP OPERATING COMPANY, LLC d/b/a APPLEBEE'S NEIGHBORHOOD GRILL AND BAR,<br>2711 Centerville Road, Ste. 400<br>Wilmington, Delaware 19808<br><br>SERVE ON:<br>CSC-Lawyers Incorporating Service Co.<br>7 St. Paul Street, Ste. 820<br>Baltimore, Maryland 21202<br><br>*Defendant.* | Case No.: 1:20-cv-00253 |

## CLASS ACTION COMPLAINT

Plaintiff Gaynell Colburn ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Potomac Family Dining Group Operating Company, LLC, doing business as Applebee's Neighborhood Grill and Bar, ("Defendant"), for declaratory and injunctive relief, attorneys' fees, expenses and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and its implementing regulations (the "ADA"), asserting as follows:

1

## INTRODUCTION

1.      The ADA was passed nearly thirty years ago, and yet, to this date, Defendant's restaurants are not fully accessible to persons with mobility disabilities.

2.      Defendant denies individuals with mobility disabilities the opportunity to choose the type of table to sit at and where to sit in a dining area through the placement, orientation, and use of inaccessible dining surfaces, thereby providing Plaintiff and those similarly situated the opportunity to participate in and benefit from Defendant's goods, services, facilities, and accommodations in a manner that is not equal to the experience that is afforded to other individuals without disabilities.[1]

3.      Defendant has also failed to make reasonable modifications to its policies, practices, and procedures that are necessary to provide its goods, services, facilities, and accommodations to individuals with mobility disabilities. By failing to undertake efforts to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals, Defendant subjects Plaintiff and those similarly situated to discrimination, exclusion, and unequal treatment in violation of the ADA.

4.      Defendant fails to provide individuals with mobility disabilities the most integrated setting appropriate for them within their restaurants by providing unequal, different, and separate benefits and by segregating and separating individuals with disabilities from individuals without disabilities. Defendant will continue discriminating unabated unless and until enjoined as Plaintiff requests.

---

[1] Defendant is also facing a parallel ADA discrimination suit in this District concerning the accessibility of its restaurants' parking facilities. *See Williams v. Potomac Family Dining Group Operating Company, LLC*, No. 19-cv-1780-GJH (D. Md. 2019).

5.      Accordingly, Plaintiff seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a), enjoining Defendant from continuing its discriminatory conduct, including an order directing Defendant to make alterations to its restaurants to make the restaurants fully accessible to and independently usable by people with disabilities to the extent required by the ADA; an order requiring Defendant to make all reasonable modifications in policies, practices, or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis; and a declaration determining that Defendant's restaurants are in violation of Title III of the ADA and its implementing regulations, as described in this Complaint; an award of attorneys' fees, expenses, and costs associated with pursuit of this litigation; and any other such relief that this Court deems just and proper.

## JURISDICTION AND VENUE

6.      The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

7.      Personal jurisdiction exists for Defendant because it owns, operates, leases and/or controls restaurants located in Maryland.

8.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred.

## PARTIES

9.      Plaintiff Gaynell Colburn is, and at all times relevant for purposes of this action was, a resident of Baltimore, Maryland.

3

10.     Plaintiff is a person with a mobility disability who is limited in the major life activity of walking, and who uses a wheelchair for mobility. Plaintiff is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.

11.     Plaintiff is both a tester in this litigation and a consumer who wishes to access Defendant's goods and services.  *See, e.g., Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 457 (4th Cir. 2017); *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.,* 867 F.3d 1093, 1102 (9th Cir. 2017); *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211-12 (10th Cir. 2014); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372-74 (1982).

12.     Defendant Potomac Family Dining Group Operating Company, LLC is a limited liability company organized under Virginia law, registered to do business in Maryland, and is headquartered at 13873 Park Center Road, Suite 316-S, Herndon, Virginia 20171.

13.     Defendant owns, operates, leases and/or controls Applebee's restaurants throughout Maryland and the United States.

## FACTUAL ALLEGATIONS

## PLAINTIFF'S EXPERIENCE

14.     In November 2019, Plaintiff patronized Defendant's Applebee's restaurant located at 13600 Baltimore Avenue, Laurel, Maryland 20707 (the "Laurel Applebee's").

15.     Plaintiff regularly enjoys dining out at restaurants, including Applebee's restaurants, for meals and to socialize with friends. The ability to independently patronize

restaurants is important to Plaintiff and her quality of life, serving as a critical social outlet for her.

16.    Plaintiff travels to the area where the Laurel Applebee's is located, an approximate half hour drive from her residence, to visit with her family who lives in the area.

17.    Plaintiff desired to be served at the Laurel Applebee's bar dining area, and more specifically, desired to be served at and use either the dining surfaces at the bar counter or an otherwise accessible table in the same area.

18.    When Plaintiff requested to be seated in the bar dining area, a female employee attempted to seat her at the bar, however Plaintiff could not be seated anywhere in the Laurel Applebee's bar dining area because Defendant has failed to provide accessible dining surfaces at the bar counter for Plaintiff and others similarly situated to utilize.

19.    There is also no other accessible seating in the bar dining area. Defendant only offers inaccessible bar counters, raised booth seating, or high-top tables, as depicted in the following images:



*Figure 1 – Applebee's, 13600 Baltimore Avenue, Laurel, Maryland 20707*



*Figure 2 – Applebee's, 13600 Baltimore Avenue, Laurel, Maryland 20707*

20.     Although Plaintiff could not be seated at the bar, Plaintiff was subsequently seated in the bar dining area at an inaccessible booth table after Defendant's employees moved the table out of the booth in a manner that permitted Plaintiff to be seated at the end of the table, facing away from the televisions in the bar. In order for Plaintiff's guest to also be seated (and for when Plaintiff's guest wanted to get up), Plaintiff had to move away from the table and Defendant's employees had to shift the table again.

21.     Despite Defendant's employees' attempts to accommodate Plaintiff and her guest at an inaccessible table, the incident left Plaintiff feeling embarrassed and dejected. Plaintiff contends with inaccessible conditions regularly as an individual who uses a wheelchair for mobility. She is exasperated that nearly thirty years after passage of the ADA, public accommodations such as Defendant still refuse to ensure their facilities are accessible to individuals with mobility disabilities.

22.     Though Plaintiff is serving as a tester in this case, Plaintiff has visited and enjoyed Applebee's restaurants in the past and would like to patronize Defendant's restaurants, including the Laurel Applebee's, in the future and be served at the bar dining area; however, the lack of accessible dining surfaces and seating in the restaurant's bar dining area has deterred and continues to deter Plaintiff from patronizing Defendant's restaurants.

23.     Plaintiff intends to continue to test Defendant's restaurants.

24.     Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's failure to provide accessible dining surfaces and seating to persons with mobility disabilities.

## DEFENDANT'S RESTAURANTS ARE INACCESSIBLE

25.     Upon information and belief, Defendant owns, operates, leases, franchises, and/or controls approximately 59 Applebee's restaurant franchises across Maryland, Virginia, West Virginia, North Carolina, and Pennsylvania.

26.     On information and belief, Defendant is responsible for the design, construction, alteration, and operation of their franchised restaurants, including with respect to ADA compliance.

27.     On Plaintiff's behalf, a sampling investigation of multiple locations owned, operated, leased and/or controlled by Defendant confirmed that, in addition to the Laurel Applebee's discussed above, other of Defendant's restaurants also have bar dining surfaces that are not accessible to patrons who use wheelchairs or scooters for mobility, and do not provide for accessible seating in the bar dining area. Upon information and belief, the configuration and design of Defendant's restaurants follows a mandatory common design and construction plan, and Defendant's restaurants have the same inaccessible features identified above at the Laurel Applebee's. Defendant's inaccessible restaurants include but are not limited to:

a.      10 Shining Willow Way, Laplata, Maryland 20646;

b.      555 Solomons Island Road N, Prince Frederick, Maryland 20678;

c.      1000 Largo Cntr Dr, Upper Marlboro, Maryland 20774;

d.      3447 Donnell Dr, District Heights, Maryland 20747;

e.      3610 Crain Highway, Waldorf, Maryland 20603;

f.      4100 Crain Hwy, Bowie, Maryland 20716;

g.      5613 Spectrum Dr, Frederick, Maryland 21703;

h.      12201 Winchester Rd, SW Cumberland, Maryland 21502;

i.      21048 Frederick Rd, Germantown, Maryland 20876; and,

j.      45480 Miramar Way, California, Maryland 20619.

28.     Defendant's failure to provide individuals with mobility disabilities accessible dining surfaces or accessible seating in the bar dining areas is discriminatory, segregationist, and in violation of the ADA. Just as Defendant could not exclude customers from the bar dining area

based upon race, the ADA precludes Defendant from segregating customers based upon disability.

29.     Because Defendant's restaurants are centrally owned, operated, and/or controlled by Defendant, and are subject to the same common design and construction plans that result in the discriminatory conditions found within the restaurants' bar dining areas, the scope of harm at issue in this matter can only be redressed through an injunction that encompasses the entirety of Defendant's network of restaurants and Defendant's centralized policies and practices.

## CLASS ALLEGATIONS

30.     Plaintiff brings this action under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure on behalf of herself and the following class:

> All individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of bar dining services offered to patrons at any of Defendant's restaurants that lack accessible dining surfaces and seating in the bar dining area.

31.     Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court, and will facilitate judicial economy.

32.     Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

33.     Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that

they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's goods, services and facilities due to the discriminatory conduct described above. The questions of law and fact that are common to the class include:

a. Whether Defendant operates places of public accommodation and is subject to Title III of the ADA and its implementing regulations;

b. Whether Defendant's restaurants' bar dining areas are inaccessible to Plaintiff and putative class members; and,

c. Whether Defendant's policies and practices discriminate against Plaintiff and putative class members in violation of Title III of the ADA and its implementing regulations.

34. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

35. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

**CAUSE OF ACTION**

**Violations of 42 U.S.C. §§ 12181, *et seq.***

36.     Plaintiff incorporates by reference each and every allegation contained in the previous paragraphs.

37.     Plaintiff brings this claim individually and on behalf of the defined putative class of individuals described above.

38.     Plaintiff is an individual with a mobility disability who uses a wheelchair for mobility. Plaintiff, accordingly, is an individual with a disability pursuant to the ADA, in that Plaintiff has a physical impairment substantially limiting one or more major life activities. 42 U.S.C. § 12102(1)(A); 28 C.F.R. § 36.105.

39.     Defendant is a public accommodation under the ADA. 42 U.S.C. § 12181(7).


**Failure to Provide Accessible Facilities**

40.     The ADA requires all public accommodations that are designed and constructed after January 16, 1993 to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12183(a)(1).

41.     Defendant's restaurants, upon information and belief, were designed and constructed after January 16, 1993, and were therefore required to be designed and constructed to be readily accessible to, and independently usable by, individuals with disabilities.

42.     The Department of Justice, pursuant to 42 U.S.C. § 12186(b), has promulgated the ADA Accessibility Guidelines ("ADAAG") in implementing Title III of the ADA. There are two active ADAAGs that set forth the technical structural requirements that a public

accommodation must meet in order to be "readily accessible": the 1991 ADAAG Standards, 28

C.F.R. § pt. 36, App. D ("1991 Standards"), and the 2010 ADAAG Standards, 36 C.F.R. § pt.

1191, App. D ("2010 Standards").

43.     Defendant's facilities must comply with either the 1991 Standards or the 2010

Standards, depending on when a given facility was constructed.[2]

44.     Defendant provides bar counter dining surfaces in its restaurants, at which

Defendant provides the service of food and drink for customer consumption.

45.     The 1991 Standards set forth express requirements for restaurants with respect to

the accessibility of dining surfaces, such as a bar counter: "Where food or drink is served at

counters exceeding 34 inches (865 mm) in height for consumption by customers seated on stools

or standing at the counter, a portion of the main counter which is 60 inches (1525 mm) in length

minimum shall be provided in compliance with § 4.32 or service shall be available at accessible

tables in the same area." 1991 Standards § 5.2.

---

[2] 28 C.F.R. § 36.406 establishes the circumstances that determine which ADAAG applies to facilities subject to 28 C.F.R. §§ 36.401 or 36.402: (1) facilities shall comply with the 1991 Standards if the date when the last application for a building permit is before September 15, 2010, or if no permit is required, if the start of physical construction or alterations occurs before September 15, 2010 (28 C.F.R. § 36.406(a)(1)); (2) facilities shall comply either with the 1991 Standards or with the 2010 Standards if the date when the last application for a building permit is on or after September 15, 2010, and before March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after September 15, 2010, and before March 15, 2012 (28 C.F.R. § 36.406(a)(2)); and (3) facilities shall comply with the 2010 Standards if the date when the last application for a building permit is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012 (28 C.F.R. § 36.406(a)(3)).

46.     For Defendant's restaurants that were required to be constructed in compliance with the 1991 Standards, Defendant's restaurants' bar dining areas do not comply with the 1991 Standards, because:

a.      Defendant does not provide a portion of the bar counter which is 34 inches or less in height;

b.      Defendant does not provide a portion of the bar counter which is 60 inches in length that complies with Section 4.32 of the 1991 Standards; and

c.      Defendant does not provide service at accessible tables in the same area as the bar counter.

47.     The dining surface accessibility requirement was modified in the 2010 Standards to provide: "Where dining surfaces are provided for the consumption of food or drink, ***at least 5 percent*** of the seating spaces and standing spaces at the dining surface shall comply with §902." 2010 Standards § 226.1 (emphasis added). "Dining surfaces" explicitly includes "bars, tables, lunch counters, and booths." 2010 Standards § 902.1 - Advisory.

48.     Section 902 provides that the top of a dining surface shall be 28 inches minimum and 34 inches maximum above the floor, and provide a clear floor space positioned for a forward approach with appropriate knee and toe clearance. 2010 Standards §§ 902.2-3.

49.     The 2010 Standards no longer provides an exception if service is available at accessible tables in the same area as an inaccessible dining surface. Instead, dining surfaces that are required to comply with Section 902 "shall be dispersed throughout the space or facility containing dining surfaces. . . ." 2010 Standards § 226.2.

50.     For Defendant's restaurants that were required to be constructed in compliance with the 2010 Standards, Defendant's restaurants' bar dining areas do not comply with the 2010 Standards because there is no provision for five percent of the seating spaces and standing spaces at the bar counter to comply with Section 902 of the 2010 Standards; indeed, none of the seating and/or standing spaces at the bar counter and in the bar dining area comply with Section 902.

51.     The lack of accessible bar counters and seating in Defendant's restaurants demonstrates that Defendant's restaurants were not designed and constructed to be readily accessible to, and independently usable by, individuals with mobility disabilities, although it was structurally practicable for Defendant to do so.

## Denial of "Full and Equal" Enjoyment and Use

52.     The ADA requires that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

53.     Defendant discriminated and continues to discriminate against Plaintiff and others similarly situated by denying "full and equal" enjoyment and use of the goods, services, facilities, privileges, advantages, and accommodations of Defendant's restaurants during Plaintiff's visit and each incidence of deterrence.

## Failure to Provide the Most Integrated Setting

54.     Public accommodations are required to provide their goods, services, facilities, and accommodations "in the most integrated setting appropriate to the needs of the individual." 42 U.S.C. § 12182(b)(1)(B).

55.    The Department of Justice defines the "most integrated setting" as "a setting that enables individuals with disabilities to interact with non-disabled persons to the fullest extent possible."[3]

56.    Defendant has failed to provide the most integrated setting appropriate to the needs of Plaintiff and those similarly situated by limiting the areas and options for where Plaintiff may choose to eat and/or drink, resulting in a setting that segregates and separates individuals with mobility disabilities, preventing them from interacting with non-disabled individuals to the fullest extent possible.

**Failure to Modify Existing Policies, Practices, and Procedures**

57.    The ADA requires reasonable modifications in policies, practices, or procedures when necessary to afford goods, services, facilities, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

58.    By failing to provide accessible dining surfaces and seating, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination by failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

59.    Defendant has no policy, practice, or procedure, or else Defendant failed to create, implement, and maintain policies, practices, and procedures, to ensure individuals with mobility disabilities are not denied the opportunity to have the same dining experience at its restaurants as

_____

[3] https://www.ada.gov/olmstead/q&a_olmstead.htm

individuals without disabilities, resulting in a denial of the opportunity for individuals with mobility disabilities to have full and equal access to all of the goods, services, privileges, advantages, and accommodations that make up Defendant's restaurants.

60.     Defendant has further failed to create, implement, and maintain policies, practices, and procedures to comply with ADA building design and construction regulations and standards.

61.     A reasonable modification in the policies, practices, and procedures described above will not fundamentally alter the nature of Defendant's goods, services, facilities, privileges, advantages, and accommodations.

62.     Defendant's ongoing and continuing violations of the ADA have caused, and, in the absence of an injunction, will continue to cause harm to Plaintiff and those similarly situated.

63.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a.     A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant failed to take action reasonably calculated to ensure that Defendant's dining surfaces and seating were fully accessible to, and independently usable by, individuals with mobility disabilities;

b.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs:

Defendant to take all steps necessary to bring its restaurants' bar dining areas into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the dining surfaces are fully accessible to, and independently usable by, individuals with disabilities;

Defendant to take all steps necessary to bring its restaurants' bar dining areas into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the bar dining areas contain the requisite amount of accessible seating;

Defendant to take all steps necessary to modify its policies, practices, and procedures to ensure that individuals with mobility disabilities are not denied the opportunity to have the same dining experience at Defendant's restaurants as individuals without disabilities, so that no individual with a mobility is denied the opportunity to have full and equal access to all of the goods, services, privileges, advantages, and accommodations that make up Defendant's restaurants;

Defendant to take all steps necessary to modify its policies, practices, and procedures to ensure that Defendant's restaurants' bar dining areas comply with the ADA's building design and construction regulations and standards; and,

The Court shall retain jurisdiction for a period to be determined to ensure that Defendant has undertaken steps to remediate its restaurants and have adopted and are following an institutional policy and practice that will in fact cause Defendant's restaurants to comply with the ADA.

      c.      An Order certifying the proposed class, naming Plaintiff as the representative of the class, and designating counsel for Plaintiff as class counsel;

      d.      Payment of costs and reasonable attorneys' fees as provided for by law, and/or nominal damages; and

e.      Such other additional or alternative relief as the Court finds just and proper.

Dated: January 28, 2020                         Respectfully submitted,

                                                */s/ E. David Hoskins*
                                                E. David Hoskins, Esq., No. 06705
                                                **THE LAW OFFICES OF**
                                                **E. DAVID HOSKINS, LLC**
                                                16 East Lombard Street, Suite 400
                                                Baltimore, Maryland 21202
                                                (410) 662-6500 (Tel.)
                                                davidhoskins@hoskinslaw.com

                                                */s/ Kathleen P. Hyland*
                                                Kathleen P. Hyland, Esq., No. 30075
                                                **Hyland Law Firm, LLC**
                                                16 East Lombard Street, Suite 400
                                                Baltimore, Maryland 21202
                                                (410) 777-5396 (Tel.)
                                                kat@lawhyland.com

                                                */s/ R. Bruce Carlson*
                                                R. Bruce Carlson, No. 29344
                                                bcarlson@carlsonlynch.com
                                                Kelly K. Iverson*
                                                kiverson@carlsonlynch.com
                                                Bryan A. Fox*
                                                bfox@carlsonlynch.com
                                                **CARLSON LYNCH, LLP**
                                                1133 Penn Ave., 5th Floor
                                                Pittsburgh, PA 15222
                                                Tel: (412) 322-9243
                                                Fax: (412) 231-0246

Patrick W. Michenfelder*
Chad Throndset*
**THRONDSET MICHENFELDER, LLC**
Cornerstone Building
One Central Avenue West, Suite 203
St. Michael, MN 55376
Tel: (763) 515-6110
Fax: (763) 226-2515
pat@throndsetlaw.com
chad@throndsetlaw.com

*Admission for pro hac vice forthcoming.*

*Attorneys for Plaintiff*